BLANK ROME LLP
Attorneys for Plaintiff
QINGDAO OCEAN SHIPPING COMPANY
Jeremy J. O. Harwood (JH 9012)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

**08 CV 4260**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| QINGDAO OCEAN SHIPPING COMPANY, | |
|---|---|
| Plaintiff, | 08 Civ. |
| -against- | **VERIFIED COMPLAINT** |
| GUJARAT CHEMINEX LTD. OF MUMBAI | |
| Defendant. | |

Plaintiff, QINGDAO OCEAN SHIPPING COMPANY ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, GUJARAT CHEMINEX LTD. OF MUMBAI ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and a claim for security under Supplemental Rule B and 9 U.S.C. §8. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is an organized company under the laws of China.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of India.

900200.00001/6635392v.1

## THE FACTS

4. By a charter party dated on or about August 11, 2006 ("the Charter"), Plaintiff chartered the M/V TONG SHAN HAI ("the Vessel") to Defendant.

5. In breach of the Charter, Defendant failed to pay charter hire whereupon, and pursuant to notice as provided in the Charter. Plaintiff withdrew the Vessel and claimed damages.

6. An arbitration took place and an award was issued in Plaintiff's favor in the principal sum of $96,921. Interest was also awarded in the sum of $12,774 and "costs" of sterling 2,150 as roughly $4,300, for a total awarded sum of $113,965 (the "Award"). See Ex. A to accompanying Rule B affidavit.

7. Defendant has failed to pay the Award.

8. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of

Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of $113,965 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
      May 5, 2008

> BLANK ROME LLP
> Attorneys for Plaintiff
> QINGDAO OCEAN SHIPPING COMPANY
>
> By _____
>    Jeremy J. O. Harwood (JH 9012)
> The Chrysler Building
> 405 Lexington Avenue
> New York, NY 10174-0208
> Tel.: (212) 885-5000
> Fax: (212) 885-5001

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jeremy J. O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                     _____
                                                     Jeremy J. O. Harwood

Sworn to before me this
5th day of May, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 2008

900200.00001/6635392v.1                 4

BLANK ROME LLP
Attorneys for Plaintiff
QINGDAO OCEAN SHIPPING COMPANY
Jeremy J. O. Harwood (JH 9012)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QINGDAO OCEAN SHIPPING COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>GUJARAT CHEMINEX LTD. OF MUMBAI,<br><br>Defendant. | 08 Civ.<br><br>**AFFIDAVIT PURSUANT TO**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    : ss:
COUNTY OF NEW YORK  )

Jeremy J. O. Harwood, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant GUJARAT CHEMINEX LTD. OF MUMBAI ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2. Defendant is a party to the maritime contract of charter party on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Germany or another foreign jurisdiction.

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the 2008 Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

5. I attach as Exhibit 1 hereto a true copy of the London arbitration award issued in favor of plaintiff against defendant.

                                                            Jeremy J. O. Harwood (JH 9012)

Sworn to before me this
5th day of May, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20_08_

2

900200.00001/6635398v.1

# EXHIBIT 1

## IN THE MATTER OF THE ARBITRATION ACT 1996

AND

## IN THE MATTER OF AN ARBITRATION

BETWEEN

QINGDAO OCEAN SHIPPING COMPANY            Claimants
                                          (Owners)

and

GUJARAT CHEMINEX LTD of Mumbai            Respondents
                                          (Charterers)

"TONG SHAN HAI"

Charterparty dated 11th August 2006

**FINAL ARBITRATION AWARD**

### IN THE MATTER OF THE ARBITRATION ACT 1996

AND

### IN THE MATTER OF AN ARBITRATION

B E T W E E N

| | |
|---|---|
| QINGDAO OCEAN SHIPPING COMPANY | Claimants (Owners) |

and

| | |
|---|---|
| GUJARAT CHEMINEX LTD of Mumbai | Respondents (Charterers) |

### "TONG SHAN HAI"

Charterparty dated 11th August 2006

### FINAL ARBITRATION AWARD

WHEREAS:

1. By a charterparty on the New York Produce Exchange Form 1946, as amended and incorporating additional terms as agreed between the parties, made on 11th August 2006 ("the Charterparty"), the Claimants ("the Owners") chartered their m.v. "TONG SHAN HAI" ("the vessel") to the Respondents ("the Charterers") for a short time charter trip of about 30 to 35 days duration basis delivery west coast India.

2. Clause 36 of the Charterparty, together with the fixture recap, provided for English law to govern the contract and for any disputes arising thereunder to be referred to arbitration in London as follows:

   Fixture recap:
   *"14 ARBIT / G.A. IN LONDON ENGLISH LAW TO APPLY."*

   Clause 36:
   *"Arbitration and/or General Average in London and English Law to apply."*

3. There followed a dispute between the parties and on 17th January 2008, the English High Court appointed me, Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire, as Sole Arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association ("the LMAA") and a member of the Baltic Exchange in the City of London.

4. On 8th February 2008, the Owners served claim submissions and claimed damages in the sum of US$99,103.67 by way of unpaid hire, port charges and other expenses, together with interest and costs.

5. On 11th February, I ordered the Charterers to serve Defence submissions (and Counterclaim submissions, if any) on or before 11th March 2008. However, the Charterers failed to comply with this order and on 14th March, I made a final and peremptory order that the Charterers should serve their Defence submissions by no later than 21st March. The terms of the order made it clear that if the Charterers failed to comply, the sanction would be that I would proceed to my award without further reference to them. However, the Charterers failed to comply with this order and on 27th March, I notified the parties that I was proceeding to my award.

6. The Owners were represented by the firm of Birketts, Ipswich. The Charterers were not represented. However, correspondence was sent to the Charterers by fax, email and courier to their office in Mumbai (records of which have been retained).

7. Neither party requested an oral hearing. The reasons for my decision are attached hereto and form part of this Final Arbitration Award.

NOW I, the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the submissions and correspondence put before me by the Owners **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **ARBITRATION AWARD** as follows:

I FIND AND HOLD that the Owners' claim succeeds in the sum of US$96,921.10 and no more.

**I THEREFORE AWARD AND DIRECT** that:

1. the Charterers shall forthwith pay the Owners the sum of US$96,921.10 (ninety-six thousand, nine hundred and twenty-one United States dollars and ten cents), together with interest at the rate of 7.5% per cent per annum compounded at three-monthly rests from 1st September 2006, until the date of payment;

2. the Charterers shall bear their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

3.  the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £2,150 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

4.  the Charterers shall also pay interest on the Owners' costs awarded in paragraph 2 above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph 3 above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to us by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

Given under my hand this 2nd April 2008.

*[signature]*   *[signature]*

Alan Oakley   Witness

"TONG SHAN HAI"

Charterparty dated 11th August 2006

**REASONS FOR MY FINAL ARBITRATION AWARD**

1. The "TONG SHAN HAI" ("the vessel") is 34,991 mt deadweight bulk carrier built in 1983. By a charterparty made on 11th August 2006 ("the Charterparty"), the Owners chartered the vessel to the Charterers for a short time charter trip of about 30 to 35 days duration, basis delivery west coast India.

2. In this arbitration, the Owners claimed US$99,103.67 by way of unpaid hire, port charges and other expenses.

3. The Charterers failed to participate in the arbitration or to communicate with me throughout the reference. However, I am satisfied that the Charterers were aware of these proceedings, the allegations made against them and the orders imposed. Therefore, although I did not have the benefit of any submissions from the Charterers, I carefully examined the submissions and evidence put before me by the Owners in the same way that I would have done had the Charterers put the Owners to strict proof of their claim. Having considered the submissions and evidence, I am satisfied that this is an appropriate case to make a final arbitration award despite the fact that the Charterers failed to answer the allegations made against them.

4. The background to the dispute was that on 26th August 2006 (14:20 local time), the vessel was delivered to the Charterers at Kandla. Therefore, under the terms of clause 5 of the Charterparty, the Charterers were required to pay the first 30 days hire within 3 banking days of delivery, i.e. by latest Thursday 30th August 2006. However, the Charterers failed to pay hire in accordance with clause 5.

5. On 1st September, the Owners received the following message from the Charterers:

   *"CHARTER HIRE FOR 30 DAYS + BUNKER IS BEING PAID TODAY. ALREADY INSTRUCTIONS HAVE GONE THOUGH SHIPPERS NIRMA LTD, AHMEDABAD AS SHIPPERS TO THEIR BANKERS STATEBANK OF INDIA, CAG BRANCH, AHMEDABAD. ..."*

   However, despite sending this message, the Charterers did not pay hire as promised and at 23:49 (local time) on 1st September, the Owners withdrew the vessel from the Charterers' service with immediate effect.

6. The Owners alleged that the Charterers were in breach when they failed to pay hire in accordance with clause 5 of the Charterparty and claimed damages by way of unpaid hire at the hire rate of US$13,650 per day from 14:20 on 26th August until 23:49 on 1st September, amounting to US$87,302.67 (6.3958 days x US$13,650). In addition, the Owners sought to recover port charges and other expenses incurred at Kandla amounting to US$11,801.

7. Having considered the evidence before me, I am satisfied that on 11th August 2006, the Charterers did enter into this fixture and that on 26th August, the vessel was delivered to them at Kandla. The Charterers were therefore required to pay 30 days hire to the Owners by latest 30th August. Furthermore, the evidence was that on 1st September 2006, the Charterers sent the Owners an email stating that they were making arrangements to pay hire and bunkers, but that they failed to do so. I am therefore satisfied that at 23:49 on 1st September, the Owners were entitled to withdraw the vessel from the Charterers' service following their breach of failing to pay hire in accordance with clause 5 of the Charterparty. The Owners are therefore entitled to proven damages arising from the Charterers' breach.

8. Although the Owners claimed damages by way of unpaid hire at the rate of US$13,650 per day, they are only entitled to recovered net hire of US$13,308.75 per day after address commissions has been taken into account. Therefore, the Owners are entitled to damages by way of unpaid hire in the sum of US$85,120.10 (US$13,308.75 x 6.3958).

9. In addition, I am satisfied from the statement of account issued by Taurus Shipping Pvt Ltd, that the vessel incurred costs whilst waiting at Kandla of US$11,801. Since the vessel was on time charter, these costs, which included port dues, pilot charges, service tax, light dues etcetera, should have been paid by the Charterers. Therefore, the Owners are entitled to recover these costs in damages.

10. I have therefore awarded the Owners the sum of US$96,921.10 (US$85,120.10 plus US$11,801), together with interest at a commercial rate from 1st September 2006.

11. In accordance with the normal rule that costs follow the event, the Charterers shall bear the Owners costs of this reference, together with my costs.

+++

9

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

BETWEEN

QINGDAO OCEAN SHIPPING COMPANY
Claimants
(Owners)

and

GUJARAT CHEMINEX LTD of Mumbai
Respondents
(Charterers)

"TONG SHAN HAI"

Charterparty dated 11th August 2006

**FINAL ARBITRATION AWARD**